JUDGE CEDARBAUM

**13 CIV 7134**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHIMSHON WEXLER, on behalf of himself
and all others similarly situated

                       Plaintiffs,           **COMPLAINT-CLASS ACTION**
                                              **JURY TRIAL REQUESTED**

v.

BORAH, GOLDSTEIN, ALTSCHULER,
NAHINS & GOIDEL, PC;
STEPHEN C. SHULMAN

                       Defendants.
----------------------------------------------------------X



RECEIVED OCT -8 2013 U.S.D.C. S.D. N.Y. CASHIERS

## INTRODUCTION

1.     Plaintiff brings this action to secure redress from unlawful collection practices engaged in by defendants Borah, Goldstein, Altschuler, Nahins & Goidel, PC ("Borah, Goldstein") and Stephen C. Shulman ("Shulman"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.     Venue and personal jurisdiction in this District are proper because:

        a.      The collection communication at issue was received by plaintiff within this District;

        b.      Defendants do business within this District;

## PARTIES

5.    Plaintiff, Shimshon Wexler, is an individual.

6.    Defendant, Borah, Goldstein is a New York professional corporation doing business in New York with an address of 377 Broadway in New York, NY 10013.

7.    Borah, Goldstein is a debt collection law firm.

8.    Borah Goldstein is a debt collector as defined by the FDCPA.

9.    Stephen C. Shulman is a senior partner at Borah, Goldstein according to Borah, Goldstein's website http://www.borahgoldstein.com/people/senior-partners/stephen-c-shulman/.

10.    Upon information and belief, defendant Stephen C. Shulman ("Shulman") personally implemented and engaged in, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of Borah, Goldstein.

11.    Stephen C. Shulman is a debt collector as defined by the FDCPA.

## FACTS

12.    In or about December 2007, plaintiff signed a residential lease with Acquisition America VII.

13. The monies due under this lease constitute a "debt" as defined by the FDCPA.

14. Plaintiff is a "consumer" as defined by the FDCPA.

15. In paragraph 21 of the lease entitled "Correcting Tennant's defaults", the lease says "If tenant fails to timely correct a default after notice from landlord, Landlord may correct it at tenant's expense. Landlord's costs to correct the default shall be added rent."

16. The lease does not allow for the collection of attorney's fees for either 1) sending a rent demand to a tenant or 2) filing a petition for non-payment of rent.

17. In a rent demand sent to plaintiff dated 4/8/13, Borah, Goldstein demanded of plaintiff legal fees of $75.

18. The rent demand was signed by Steven Rubinshteyn who upon information and belief was under the supervision of Shulman.

19. In a petition for non-payment of rent dated 4/23/13, Borah Goldstein demanded legal fees of $235.

20. The petition was signed by Michael Camporeale who upon information and belief was under the supervision of Shulman.

21. The rent demand and the petition for non-payment of rent are each considered a "communication" under the FDCPA statutory scheme.

22. Plaintiff disputes that the debt is owed because the condition of the apartment was very poor entitling plaintiff to an offset.

## VIOLATIONS ALLEGED

23. The conduct by Borah, Goldstein violates 15 U.S.C. § 1692, 1692e and 1692f.

24. Section 1692e provides:

**§ 1692e. False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

25. Section 1692f provides:

**§ 1692f. Unfair Practices**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. Borah, Goldstein and Shulman violated the above quoted provisions of the statute because they were not allowed to charge attorney's fees and they did.

27. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b)(3).

28. The class consists of (a) all individuals (b) with a New York address (c) who have received a rent demand and/or a notice of petition for nonpayment of rent for a

residential apartment (d) from Borah, Goldstein (e) where the rent demand and/or the notice of petition for nonpayment of rent was seeking attorney's fees (f) when they were not permitted to do so by law.

29. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

30. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether seeking attorney's fees when not allowed to do so by law, violates the FDCPA.

31. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.


**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

   (1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
September 25, 2013

THE PLAINTIFF

By: _____
Aaron Cohen
The Cohen Law Office, PC
Attorney for Plaintiff
300 East 42nd St. 10th Floor
New York, New York 10017
Tel: (212)813-2000
Fax: (212)537-6861
acohen@cohenlawpc.net